IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AMY SCHULKERS<br>5928 Rainbow Hill Drive<br>Cleves, Ohio, 45002 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES** |
| ALAMDAR HOLDINGS, LLC<br>c/o Mustansir F. Bangi<br>3108 Legend Way<br>Dayton, Ohio, 45449 | )<br>)<br>)<br>)<br>) | **(Jury Demand Endorsed Hereon)** |
| -and- | )<br>) | |
| MUSTANSIR F. BANGI<br>12815 Birch Falls Rd,<br>Houston, TX 77065 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Amy Shulkers, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## PARTIES

1. Schulkers is a resident of the city of Cleves, county of Hamilton, state of Ohio.

2. Defendant Alamdar Holdings, LLC ("Alamdar") is a domestic limited liability corporation that owns and operates "Boost Mobile" franchise stores in Ohio and in other states.

3. Bangi was and/or is the owner, president, and/or principal of Alamdar

**PERSONAL JURISDICTION**

4. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

5. Schulkers performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

6. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), 26 U.S.C. § 7434, and 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Schulkers' rights under Title VII.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Schulkers' state law claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), the Ohio Constitution, and Ohio R.C. § 4112.02, *et seq*. because those claims derive from a common nucleus of operative facts.

9. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

**COVERAGE**

10. At all times referenced herein, Alamdar formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times referenced herein, Bangi supervised and/or controlled the employment of Schulkers with Alamdar and acted directly or indirectly in the interest of Alamdar in relation to its employees, including controlling and/or establishing its day-to-day operations and respective compensation practices; therefore, Bangi is an employer within the meaning of Article II, Section 34a of the Ohio Constitution and 29 § U.S.C. 203(d).

12. During all times material to this Complaint, Defendants were Schulkers' "employer" within the meaning of Section 3(d) of FLSA, 29 U.S.C. § 203(d); Section34a, Article II, of the Ohio Constitution; and the Ohio Minimum Fair Wages Standards Act ("OMWFSA").

13. At all times referenced herein, Schulkers was subject to individual coverage under the FLSA because her job duties required her to travel across state lines; to make sales across state lines; to transact credit card payments with out of state card issuers; and to sell goods and services delivered across state lines.

14. At all material times, Defendants were employers within the meaning of the FLSA and the OMFWSA.

## ADMINISTRATIVE PROCESS

15. Prior to instituting this action, Schulkers filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-0158, alleging that Alamdar had discriminated against her because of her gender, female.

16. The EEOC issued Mitchell a Right to Sue Notice on April 30, 2021.

17. A true and accurate copy of Schulkers' Right to Sue letter is attached hereto as Exhibit "A."

18. Pursuant to 29 C.F.R. § 1614.407(b), Schulkers has properly exhausted her administrative remedies prior to initiating this action.

19. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

20. At all times referenced herein, Defendants operated three "Boost Mobile" stores located in or around Cincinnati, Ohio, as well as a store located in Lawrenceburg, Indiana.

21. Schulkers is a former employee of Defendants.

22. Defendants hired Schulkers in late September 2020 as a Sales Associate.

23. Schulkers was one of only two female employees employed by Defendants at the time of her hire.

24. Bangi did not hire Schulkers.

25. Schulkers was hired by an Alamdar manager named "Mortiz."

26. At the time Defendants hired Schulkers, Bangi told Schulkers that she would be paid $10.00 per hour and that she would receive commissions when she sold phones to customers.

27. Schulkers' first day of work was on or about September 28, 2020.

28. During Schulkers' first week of employment, she worked approximately 45 hours.

29. During Schulkers' second week of employment, she worked at Defendants' Lawrenceburg, Indiana location and Harrison, Ohio location.

30. Schulkers worked approximately 45 hours during her second week of employment with Defendants.

31. Schulkers worked at Defendants' Northgate Mall location in Cincinnati during her third week of employment.

32. Schulkers worked approximately 45 hours during her third week of employment with Defendants.

33. During Schulkers' third week of employment, she asked Bangi when she could expect her first paycheck.

34. Bangi responded to Schulkers' inquiry regarding her pay by telling her that Alamdar would not pay her for "training" and that he needed a "commitment" from Schulkers before she would get paid.

35. Schulkers had only received on the job training during her first week of employment.

36. Schulkers completed her on the job training during normal working hours.

37. The on-the-job training Schulkers received was not voluntary.

38. The on-the-job training amounted to Schulkers performing her job duties under the close supervision of Bangi or other managers.

39. The on-the-job training Schulkers received was compensable under the FLSA and the OMFWSA.

40. Schulkers responded to Bangi's statement that she would not be paid for training by complaining that she had been working during her training and should get paid for it.

41. Bangi responded to Schulkers by telling her that she would get paid during the next pay period.

42. Approximately one week after first asking Bangi when she could expect to get paid, Bangi provided Schulkers with two personal checks for a total of $220.00 ("Checks")

43. Schulkers had worked approximately 140 hours between her hire and when Bangi gave her the Checks.

44. By paying Schulkers only $220.00, Defendants paid effectively paid her only $1.57 per hour.

45. Schulkers complained to Bangi that the checks he gave her for a total of $220.00 were not correct and that she was owed more wages.

46. Schulkers told Bangi she did not think she should continue reporting to work if Defendants were not going to pay her.

47. In response to Schulker's complaints about her unpaid wages, Bangi began to scream at her about her "commitment" and told her that Alamdar would not have hired her if he "knew I was going to have to deal with this baby momma bull****," directly referencing Schulkers' gender.

48. Subsequently, Bangi removed Schulkers from the schedule and deleted her information from Alamdar's scheduling application, terminating her employment.

49. Defendants terminated Schulkers because of her complaints about not being paid.

50. Defendants terminated Schulkers because of her gender, female.

51. During Schulkers' employment with Defendants, she learned that unlike her, male employees were being paid.

52. Defendants failed to pay Schulkers because she is female.

53. Defendants treated Schulkers differently than male employees by paying male employees properly while simultaneously refusing to properly pay Schulkers.

54. As a result of Defendants' unlawful conduct, Schulkers has suffered and continues to suffer damages.

## COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).

55. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

56. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

57. As a result of Defendants unlawful kickback scheme, Defendants paid Schulkers less than the minimum wage for hours she worked on August 23 and August 24, 2019.

6

58. Defendants failed and refused to pay Schulkers at least the minimum wage for all hours worked.

59. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60. Defendants' failure and refusal to pay Schulkers minimum wages for all hours Schulkers worked was willful, intentional, and not in good faith.

61. Schulkers is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## COUNT II: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 207.

62. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

63. The FLSA requires each covered employer, such as Alamdar, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

64. Schulkers was not exempt from the right to receive overtime pay under the FLSA during her employment with Defendants.

65. Schulkers is entitled to be paid overtime compensation for all overtime hours worked.

66. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay all overtime due to its employees for their hours worked in excess of 40 hours per week.

67. Schulkers worked more than 40 hours each week of her employment with Defendants other than her last week of employment.

68. Defendants failed to Schulkers overtime.

69. As a result of Defendants' failure to properly compensate Schulkers at a rate not less than 1.5 times her regular rate of pay for all work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

70. Defendants' failure and refusal to pay Schulkers overtime wages for all overtime hours Schulkers worked was willful, intentional, and not in good faith.

71. Schulkers is entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.**

72. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

73. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

74. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

75. Schulkers was an employee of Defendants as that term is defined by the OMFWSA.

76. O.R.C § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

77. Defendants failed to pay Schulkers overtime for hours she worked in excess of 40 per week.

78. In denying Schulkers overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

79. As a direct and proximate result of Defendant's unlawful conduct, Schulkers has suffered and will continue to suffer a loss of income and other damages.

80. Having violated the OMFWSA, Defendants are joint and severally liable to Schulkers pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendants are joint and severally liable to Schulkers for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

**COUNT IV: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.02,** *et seq***, BASED ON FAILURE TO MINIMUM WAGE.**

81. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

82. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. See O.R.C. §§ 4111.01, et seq.

83. Respondents violated the OMFWSA by failing to pay Schulkers wages approximating at least the Ohio minimum wage for all hours worked by Schulkers.

84. As a direct and proximate result of Respondents' unlawful conduct, Schulkers has suffered and will continue to suffer a loss of income and other damages.

85. Having violated the OMFWSA, Respondents are liable to Schulkers pursuant to O.R.C. § 4111.10 for the full amount of her unpaid minimum wages; liquidated damages; and for Schulkers' costs and reasonable attorneys' fees.

### COUNT V: VIOLATION OF THE OHIO PROMPT PAY ACT.
### (Asserted Against Defendant Alamdar Holdings, LLC Only).

86. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

87. During all times material to this complaint, Alamdar was covered by the Ohio Prompt Payment Act, R.C. § 4113.15 ("OPPA") and Schulkers was employed by Alamdar within the meaning of OPPA

88. The OPPA requires that Alamdar pay Schulkers all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by Schulkers during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Schulkers during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

89. At the conclusion of her respective term of employment with Alamdar, Schulkers was not paid wages, within 30 days of performing the work, after they requested said payment. See O.R.C.§ 4113.15(B).

90. Schulkers' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

91. In violating the OPPA, Alamdar acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

### COUNT VI: RETALITION BASED ON PROTECTED WAGE COMPLAINTS IN VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION.

92. Schulkers restates each and every prior paragraph of this Complaint as if it were fully restated herein.

93. Pursuant to Article II, Section 34a of the Ohio Constitution, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right

under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

94. Defendants knowingly and maliciously retaliated against Schulkers for making protected wage complaints by discharging her from her employment.

95. In discharging Schulkers, Defendants violated Article II, Section 34a of the Ohio Constitution.

96. Schulkers is entitled to all legal and equitable remedies available for violations of the Ohio Constitution, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to O.R.C. § 4111.14(J).

## COUNT VII: UNLAWFUL RETALIATORY TERMINATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).

97. Schulkers restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. Pursuant to the FLSA, 29 C.F.R. § 215(a)(3), it is a violation for any employer to, "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or as testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

99. Defendants knowingly and maliciously retaliated against Schulkers for making protected wage complaints by discharging her from her employment.

100. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Schulkers because she complained about not being paid wages due to her.

101. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Schulkers has suffered loss of earnings, earnings potential, raises, other significant economic benefits.

**COUNT VIII: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C.A § 2000e-2.**

102. Schulkers restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. Defendants treated Schulkers differently than other similarly situated employees based on her gender.

104. Defendants discriminated against Schulkers on the basis of her gender throughout her employment with the company by failing to pay her while paying male employees.

105. Defendants terminated Schulkers from her employment without just cause.

106. Defendants terminated Schulkers because of her gender.

107. Defendants violated 42 U.S.C.A § 2000e-2 when they terminated Schulkers based on her gender.

108. As a result of Defendants' discrimination against Schulkers, she has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Schulkers to injunctive, equitable, and compensatory monetary relief.

109. As a result of Defendants' discrimination against Schulkers, has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

110. In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of Schulkers, thereby entitling Schulkers to an award of punitive damages.

111. To remedy the violations of the rights of Schulkers secured by O.R.C. § 4112.02, Schulkers requests that the Court award her the relief prayed for below.

### COUNT VIII: GENDER DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.02(A)

112. Schulkers restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

113. Defendants treated Schulkers differently than other similarly situated employees based on her gender.

114. Defendants discriminated against Schulkers on the basis of her gender throughout her employment with the company by failing to pay her while paying male employees.

115. Defendants terminated Schulkers from her employment without just cause.

116. Defendants terminated Schulkers because of her gender.

117. Defendants violated O.R.C § 4112.02(A) when they terminated Schulkers based on her gender.

118. As a result of Defendants' discrimination against Schulkers, she has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Schulkers to injunctive, equitable, and compensatory monetary relief.

119. As a result of Defendants' discrimination against Schulkers, has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

120. In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of Schulkers, thereby entitling Schulkers to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amy Schulkers requests judgment against all Defendants and for an Order:

a. Awarding Schulkers unpaid minimum wages, overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

c. Directing Defendant to place Schulkers in the position she would have occupied but for Defendants' discriminatory treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Schulkers;

d. Awarding damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schulkers for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

e. Awarding damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schulkers for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

f. Awarding damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schulkers for harm to her professional and personal reputation and loss of career fulfillment;

g. Awarding damages for any and all other monetary and/or non-monetary losses suffered by Schulkers in an amount to be determined at trial, plus prejudgment interest;

h. Awarding punitive damages;

i. Awarding costs that Schulkers has incurred in this action, as well as Schulkers' reasonable attorneys' fees to the fullest extent permitted by law; and

j. Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Amy Schulkers*

## JURY DEMAND

Plaintiff Amy Schulkers demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

15